**SO ORDERED.**

**SIGNED this 12 day of November, 2013.**



_____
**James D. Walker, Jr.
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | CASE NO. 11-53874-JDW |
| STEPHEN S. PUTNAL, ) | |
| ) | |
| DEBTOR. ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Movant:   Carl H. Anderson, Jr.
              Jennifer A. Mills
              303 Peachtree Street, NE
              Atlanta, Georgia 30308

For Debtor:   David L. Bury, Jr.
              Ward Stone, Jr.
              577 Mulberry Street, Suite 800
              Macon, Georgia 31201

## MEMORANDUM OPINION

This matter comes before the Court on Capital City Bank's Motion for Attorney's Fees and Costs Pursuant to 11 U.S.C. § 506(b). This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Capital City Bank (the "Bank"), Debtor's largest secured creditor, filed a motion for postpetition attorney fees and costs pursuant to 11 U.S.C. § 506(b). The Bank's actual fees and costs incurred are alleged to total $181,589.78.[1] However, the Bank contends its contracts with Debtor provide for the Bank to collect attorney fees in an amount of 15% of its claim, or $720,605.70. The difference between the Bank's actual fees and contractual fees is $539,015.92. The Bank is oversecured by approximately $2,588,962. The Court held a hearing on the Bank's motion for fees on October 22, 2013, and took under advisement the limited question of whether the Bank is entitled to recover its contractual fees to the extent they exceed the Bank's reasonable fees and costs.

### Conclusions of Law

In its motion, the Bank requests that its actual fees and costs be allowed as a secured

---

[1] For purposes of this opinion, the Court assumes without deciding that the dollar amounts provided by the Bank during the hearing on its motion are correct.

claim[2] and that its contractual fees in excess of actual fees be allowed as an unsecured claim. Under 11 U.S.C. § 506(b), when a creditor holds an oversecured claim, "there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose." Id. In Welzel v. Advocate Realty Investments (In re Welzel), 275 F.3d 1308 (11th Cir. 2001) (en banc), the Eleventh Circuit held that when the creditor's contractual attorney fees were fully vested prepetition and allowable under § 502, the fees would only be treated as a secured claim under § 506(b) to the extent they were reasonable; the remainder of the fees would be given unsecured status. Id. at 1316.

However, Welzel does not apply in this case because the Bank does not have an allowable claim for its contractual attorney fees. Under Georgia law, the Bank can only enforce its contractual fees if it provides Debtor with notice of its intent to do so and if Debtor fails to pay the full balance due on the underlying agreement within 10 days after receiving the notice. O.C.G.A. § 13-1-11(a) (Supp. 2013). The Bank concedes it did not provide the 10-day notice to Debtor prior to the petition date. Without that notice and the expiration of the 10-day period prior to the filing of the bankruptcy case, it cannot establish an allowed claim for its contractual attorney fees.[3] Furthermore, the existence of the bankruptcy case prevents the Bank from providing the notice. Any effort to perfect its right to the contractual attorney fees would violate the automatic stay. 11 U.S.C. § 362(a). The Bank cannot show cause for stay relief under

---

[2] The Court does not determine at this time whether the Bank's actual fees are reasonable in their entirety.

[3] 11 U.S.C. § 502(b)(1) provides for disallowance of claims that are unenforceable under applicable law.

§ 362(d) when nothing in the Bankruptcy Code authorizes Debtor to pay the amounts necessary to avoid the attorney fees, even if funds are available to do so, and when nothing in the Code allows the Court to approve such a payment.

The Bank has argued that it satisfied the 10-day notice requirement by filing a proof of claim in the bankruptcy case. This Court disagrees. A proof of claim is filed postpetition and cannot be used to validate acts that would otherwise violate the automatic stay. A creditor can no more use the proof of claim to perfect an unvested interest in attorney fees than it can use a proof of claim to perfect an unrecorded interest in real property.

The Bank cites Unsecured Creditors' Committee v. Walter E. Heller & Co. S.E., Inc. (In re K.H. Stephenson Supply Co.), 768 F.2d 580 (4th Cir. 1985), in support of its position regarding the proof of claim. However, the case does not support the Bank's argument. Stephenson Supply involved a North Carolina statute similar to O.C.G.A. § 13-1-11(a), except that it required only 5 days notice to the debtor rather than 10 days notice. The contract between the debtor and the creditor provided for the costs of collection, including attorney fees of 15%. The creditor filed a § 506(b) motion for attorney fees incurred postpetition. The creditor's committee objected on the grounds that the attorney fee provision was void because the creditor had not given the 5-day notice. Id. at 581-82. The bankruptcy court allowed the fees after finding the creditor complied with the state law notice requirement by filing a proof of claim. Id. at 582. The district court reversed, finding the creditor failed to comply with state law and concluding the fees were not allowed under § 506(b) because they were unenforceable under state law. Id.

The circuit court reversed the district court. After a comprehensive review of the legislative history, the court concluded that by enacting § 506(b), Congress "intended to abrogate

4

the pre-existing requirement that attorney's fee agreements were enforceable only in accordance with state law." Id. at 585. All other circuit courts to consider the issue agree that federal law rather than state law governs the determination of attorney fees under § 506(b). Countrywide Home Loans v. Hoopai (In re Hoopai), 581 F.3d 1090, 1098 (9th Cir. 2009); Welzel, 275 F.3d at 1315; First Western Bank & Trust v. Drewes (In re Schriock Constr., Inc.), 104 F.3d 200, 203 (8th Cir. 1997); Blackburn-Bliss Trust v. Hudson Shipbuilders, Inc. (In re Hudson Shipbuilders, Inc.), 794 F.2d 1051, 1058 (5th Cir. 1986) (overruled by implication on other grounds). The circuit court remanded the case for an award of fees. Id. at 585. Thus, the circuit court never addressed whether the proof of claim could serve as a 5-day notice under state law because it concluded no notice was required for purposes of applying § 506(b). Id.

Unlike the Bank, the creditor in Stephenson Supply only requested fees in the amount actually incurred.[4] Thus, to the extent fees actually incurred correlate with reasonable fees, the fee request did not exceed the fees allowed under § 506(b). Here, the Bank seeks fees in an amount approximately three times greater than the fees it actually incurred even though it does not have and cannot establish an allowed claim for that amount. In the absence of an allowed claim for fees, the Bank is only entitled to attorney fees to the extent provided by § 506(b) and nothing more. When the creditor is oversecured and has a contractual right to attorney fees, § 506(b) allows the creditor to receive reasonable attorney fees as part of its secured claim.

---

[4] The court said the creditor filed a § 506(b) petition "for attorney's fees and expenses it incurred in obtaining the consent orders" related to postpetition financing. 768 F.2d at 581 (emphasis added). The amount requested by the application was only $5,101.69. Id. at 581 n.1. Had the creditor requested the full amount of its contractual attorney fees, the request would have been closer to $19,611.29, which is 15% of its proof of claim amount of $130,741.90. See id. at 581.

Because allowance of fees under § 506(b) is applied without reference to state law, the creditor is entitled to reasonable fees even if, as here, the contractual provision providing for the fees is unenforceable under state law.[5] See Hoopai, 581 F.3d at 1098-99; Schriock Constr., 104 F.3d at 203.

For the forgoing reasons, the Court will grant the Bank's motion to the extent it requests the addition of reasonable attorney fees to its secured claim. The Court will deny the Bank's motion to the extent it requests attorney fees in excess of reasonable fees either as part of a secured or an unsecured claim.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT

---

[5] This Court disagrees with Clark v. Washington Mutual Home Loans (In re Clark), 299 B.R. 694, 699-700 (Bankr. S.D. Ga. 2003), to the extent it interprets Welzel to bar application of § 506(b) when the attorney fees have not been allowed under § 502. At issue in Welzel was whether the reasonableness standard in § 506(b) applied to limit a claim that was allowable in full under § 502. 275 F.3d at 1311. The Welzel court described § 502 allowance as a threshold question to be determined prior to application of § 506(b), and concluded that § 506 cannot be used to disallow any portion of a claim allowable under § 502. Id. at 1318. However, the Welzel court did not hold the converse–that § 506(b) is inapplicable when the attorney fees are unenforceable under state law.

If the attorney fee provision of § 506(b) were dependent on establishing an allowed claim for attorney fees under § 502, then the interest provision in § 506(b) would work in a similar manner. In other words, unmatured interest disallowed under § 502(b)(2) could not be included in the oversecured claim under § 506(b). Such a ruling would be inconsistent with the Supreme Court's decision in United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241, 109 S. Ct. 1026 (1989) (allowing the government to recover postpetition interest on its oversecured claim under § 506(b) even though its lien was nonconsensual). The Court in Ron Pair adopted a plain language reading of § 506(b) because "the statutory language does not conflict with any significant state or federal interest, nor with any other aspect of the Code." Id. at 245, 109 S. Ct. at 1033, 1030. Because interest is included in an oversecured claim notwithstanding § 502(b)(2), reasonable attorney fees should also be included in an oversecured claim when attorney fees are provided for in the underlying agreement notwithstanding § 502(b)(1).